

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M.G., Detainee, Otay Mesa Detention Facility,<br><br>                            Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden of Otay Mesa Detention Center, et al.,<br><br>                          Respondents. | Case No.: 25cv3562-LL-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

    Pending before the Court is Petitioner J.M.G.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. The matter is fully briefed, and the Court deems it suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **GRANTS** the Petition for Writ of Habeas Corpus and **ORDERS** an individualized bond hearing for Petitioner.

I.    **BACKGROUND**

    Petitioner entered the United States in October 2024 in Texas. ECF No. 1 ("Pet.") ¶ 17. After obtaining a positive determination in his credible fear interview, DHS released Petitioner on conditional parole into the United States. *Id.* ¶¶ 18–19. In June 2025, when Petitioner attended his regularly-scheduled court hearing in his immigration case, DHS

1

orally moved, without notice, to dismiss his case, after which ICE immediately arrested him. *Id*. ¶¶ 20–24. Respondents placed Petitioner in expedited removal proceedings under § 1225(b)(2) as opposed to § 1226(a). *Id*. ¶¶ 25–27. The former mandating detention, the latter permitting release on bond when it is determined that the alien is not a danger to others or a flight risk and the like. Petitioner argues that DHS's classification of him is wrong. *See id*. Thus, on December 12, 2025, he petitioned this Court to be reclassified as an alien eligible for a bond hearing under § 1226(a). *See id*.

## II.   DISCUSSION

### A.   Jurisdiction

Courts have long had jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). In doing so, we carry out the "historic purpose of the writ," namely "to relieve detention by executive authorities without judicial trial." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Had Petitioner sought to challenge the Government's decision to execute any removal order, it would bar this Court's review. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (applying 8 U.S.C. § 1252(g)'s "jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders"). But Petitioner only contests the Government's purported legal authority to subject him to mandatory detention under § 1225(b)(2), so the Court has jurisdiction to weigh in. *See Ibarra-Perez v. United States*, 154 F.4th 989, 998 (9th Cir. 2025) (noting that courts often have "jurisdiction" to hear a claim "premised on a lack of legal authority"); *Beltran v. Noem*, No. 25-cv-2650-LL-DEB, 2025 WL 3078837, at *2 (S.D. Cal. Nov. 4, 2025) (finding that § 1252(g) does not strip us of jurisdiction to hear a petitioner's claim premised on "a lack of legal authority to subject [him] to mandatory detention under 8 U.S.C. § 1225(b)(2) during [removal] proceedings").

Nor does 8 U.S.C. § 1252(b)(9) strip this Court of jurisdiction. This statute "bars review of claims arising from actions or proceedings brought to remove an alien," that is "an order of removal, the decision to seek removal, or the process by which removability

will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (quotation marks, alterations, and ellipses omitted). It does not bar claims that are merely "collateral" to the removal process. *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016). Like here, such collaterality includes claims predicated on "a lack of legal authority to subject [petitioners] to mandatory detention under § 1225[b][2] instead of detention with a bond hearing under § 1226(a)." *Beltran*, 2025 WL 3078837, at *3.

### B.      Merits

The Government has now acknowledged the following: "On July 8, 2025, the Department of Homeland Security ('DHS') instituted a notice titled 'Interim Guidance Regarding Detention Authority for Applicants for Admission' (the 'Notice') requiring, in general, that anyone arrested in the United States and charged with being inadmissible to be considered an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A), subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and not subject to detention under 8 U.S.C. § 1226(a). In *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), the district court declared the Notice unlawful under the Administrative Procedures Act but did not issue a final judgment. On December 18, 2025, however, the *Bautista* court entered final judgement. *Bautista*, ECF No. 94. Accordingly, Respondents acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 12, at 1–2. The Court agrees.

Finally, Respondents request that any bond hearing be held 14 days from the date of this Order due to the "federal holidays, heavy caseloads, and staffing levels." ECF No. 12, at 2 n.1. Meanwhile, Petitioner argues that "immediate release" or a bond hearing "within five business days" is warranted. ECF No. 14, at 2–3. The Court finds that holding a bond hearing within one week to be the appropriate relief in this case.

### III.   CONCLUSION

Accordingly, the Court **GRANTS** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. By **January 15, 2026**, Respondents shall provide Petitioner with an

individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a), during which they shall not deny him bond based on 8 U.S.C. § 1225(b)(2)'s mandatory-detention requirement; it does not apply here. Petitioner's requests for attorney fees and costs is denied without prejudice. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: January 8, 2026

Honorable Linda Lopez
United States District Judge